UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

2007 MAY 10 P 3:29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Denise Sankey,   )
   Plaintiff,   )
                 )   Civil Action No. 2:07-CV-411-WHA
v.   )
                 )   COMPLAINT AND
                 )   DEMAND FOR JURY TRIAL
Palisades Collection Agency,   )
                 )
   Defendant.   )

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and state of Alabama common law claims for negligence, breach of contract and invasion of privacy (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in the Defendant's transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Denise Sankey is a natural person residing in Montgomery County, Alabama.

4. Defendant, Palisades Collection Agency LLC, is a corporation engaged in the business of collecting debts in the state of Alabama. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and *Code*

*of Alabama*, §40-12-80.

## IV. FACTUAL ALLEGATIONS

6. On or about April 30, 2007, Defendant Palisades LLC contacted Plaintiff by telephone at Plaintiff's place of employment and threatened Plaintiff regarding a debt claimed to be owed. Palisades's employee contacted Plaintiff again at her place of employment on May 1, 2007. Prior to this date the Plaintiff advised Defendant, Palisades Collection Agency on numerous occasions and previous debt collectors that she did not wish to be contacted at her place of employment. At all times relevant, Palisades knew or should have known that the alleged debt of $668.74 was not owed by Plaintiff and that the debt had been paid off.

## GENERALLY

11. Due to Defendant's harassing tactics Plaintiff was forced to retain the services of an attorney to represent her in the matter.

12. The facts considered, Plaintiff assumes that Defendant will continue to pursue the alleged debt. Further, Plaintiff assumes Defendant will continue to violate the Fair Debt Collection Practices Act.

13. As a result of the acts alleged above, Plaintiff suffered distress, headaches, embarrassment, and was forced to hire the services of an attorney.

**COUNT I - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

14. Plaintiff repeats and realleges and incorporates by reference paragraphs one through eleven above.

15. Defendant violated the FDCPA. Defendant violations include, but are not limited to, the following:

A). Attempting to collect a debt not legally owed;

B). Taking illegal actions against Plaintiff;

C). Continuing to contact Plaintiff's employer regarding the debt;

D). Contacting third parties without permission in an attempt to collect a debt;

E). Failure to provide debtor instructions on validation process;

F). Failure to provide validation of the debt;

G.) and, reported the debt on Plaintiff's credit report.

16. As a result of the foregoing violation of the FDCPA, defendant is liable to Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA

B.   Actual damages;

C.   Statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

E.   For such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

17. Plaintiff repeats and realleges and incorporates by reference paragraphs above.

18. Defendant's acts as described above were done negligently and without care or concern for the

truth or accuracy of the matter asserted and with disregard to Plaintiff's privacy. Defendant's acts were for the purpose of illegally coercing Plaintiff to pay the alleged debt.

19. As a proximate consequence of Defendant's conduct, Plaintiff has been embarrassed and humiliated and emotionally distressed.

20. As a proximate consequence of Defendant's conduct, Plaintiff has been forced to hire an attorney, and incurred expenses for loss of work.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A.   Punitive damages;

B.   Compensatory damages; and,

C.   For such other and further relief as the Court may deem just and proper.

### COUNT III - INVASION OF PRIVACY

21. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-one above.

22. Defendant's acts as described above were done negligently and without care or concern for privacy with the purpose of unlawfully coercing Plaintiff to pay the alleged debt.

23. Defendant wrongfully exploited the Plaintiff's privacy in that on at least two occasions Defendant communicated with third parties regarding the Plaintiff's debt. Such communication conveyed private information about Plaintiff. These communications were performed by Defendant without legitimate cause or purpose, and thereby invaded the Plaintiff's privacy.

24. As the proximate consequence of the said invasion of privacy Plaintiff was caused to suffer

injuries and damages, in that the Plaintiff was shamed, humiliated, and embarrassed.

25. Plaintiff claims punitive damages of the Defendant because of the gross and oppressive nature of the Defendant's conduct.

## COUNT IV - BREACH OF CONTRACT

26. Plaintiff has paid debt with the original creditor Capital One, this institutes breach of contract because according to the credit contract once creditor has been paid in full, there are no reasons why Plaintiff would need any other communication from Capital One.

27. Plaintiff was harassed by creditor after the stipulated agreement of payment was completed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A.   Compensatory damages;

B.   Punitive damages; and,

C.   For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the __8th__ day of May, 2007.

K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390