UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DENISE SANKEY,** )<br>)<br>     **Plaintiff,** )<br>vs. )<br>)<br>**PALISADES COLLECTION AGENCY** )<br>)<br>     **Defendant.** ) | **CIVIL ACTION NO: 2:07-CV-411-WHA** |

**DEFENDANT PALISADES COLLECTION AGENCY ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**COMES NOW**, the Defendant, Palisades Collection Agency("Palisades"), by and through its attorneys, Parnell & Crum, P.A., in the above referenced action, and hereby files its Original Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the fullest extent possible.

**INTRODUCTION**

1.    Defendant admits that the Fair Debt Collection Practices Act prohibits the practices listed in this paragraph by Plaintiff, but Defendant denies that it has violated the Fair Debt Collection Practices Act and has committed the actions set forth in this paragraph and demands strict proof thereof.

**Jurisdiction and Venue**

2.    Defendant admits that the action purports to assert claims for damages under the Fair Debt Collection Practices Act and Fair Credit Reporting Act, and that jurisdiction is proper in this Court.  Defendant denies that it has violated either law and has any liability.

## Parties

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore, denies the same.

4. Defendant admits that it is a foreign company and that it engages in the business of debt collection through appropriate means and reporting consumer credit information. However, Palisades denies that it does business in the State of Alabama.

## Factual Allegations

5. Defendant denies the allegations set forth in paragraph 6 of the Complaint and demands strict proof thereof.

6. Defendant denies the allegations set forth in paragraph 11 of the Complaint and demands strict proof thereof.

7. Defendant denies the allegations set forth in paragraph 12 of the Complaint and demands strict proof thereof.

8. Defendant denies the allegations set forth in paragraph 13 of the Complaint and demands strict proof thereof.

## COUNT I

9. Defendant denies the allegations set forth in paragraph 14 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations set forth in paragraph 15 and all sub-parts of paragraph 15 numbered (A) through (G) of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations set forth in paragraph 16 of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations set forth in the prayer for relief and all demands included in sub-parts (A) through (E) and demands strict proof thereof.

## COUNT II

13. Defendant denies the allegations set forth in paragraph 17 of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations set forth in paragraph 18 of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations set forth in paragraph 19 of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations set forth in paragraph 20 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations set forth in the prayer for relief and all demands included in sub-parts (A) through (C) and demands strict proof thereof.

18. Defendant denies the allegations set forth in paragraph 21 of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations set forth in paragraph 22 of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations set forth in paragraph 23 of the Complaint and demands strict proof thereof.

21. Defendant denies the allegations set forth in paragraph 24 of the Complaint and demands strict proof thereof.

22. Defendant denies the allegations set forth in paragraph 25 of the Complaint and demands strict proof thereof.

**COUNT IV**

23. Defendant denies that there is any contractual relationship between Palisades and Plaintiff and further denies all allegations set forth in paragraph 26 of the Complaint and demands strict proof thereof.

24. Defendant denies the allegations set forth in paragraph 27 of the Complaint and demands strict proof thereof.

25. Defendant denies the allegations set forth in the prayer for relief and all demands included in sub-parts (A) through (C) and demands strict proof thereof.

**DEFENSES**

26. Plaintiff has failed to state a claim against Palisades upon which relief can be granted.

27. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and/or laches.

28. Palisades pleads unclean hands.

29. Palisades contests the injuries and damages alleged in the complaint and demands strict proof of any alleged injury or damage.

30. Palisades states that they are not indebted or liable to the Plaintiff in any manner or amount whatsoever.

31. Palisades states that the alleged damages in this complaint are speculative, contingent, not within the contemplation of the parties and not recoverable.

32. Palisades alleges that any of the alleged damages to Plaintiff, which Palisades continues to deny, are the result of the acts or omissions of others, over whom Palisades has no control or for whom Palisades has no responsibility.

33. Plaintiff failed to mitigate her damages.

34. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

35. Some or all of Plaintiff's claims against Palisades are barred by the applicable statute of limitations.

36. To the extent Palisades could be found liable, Plaintiff was comparatively/contributorily negligent.

37. Palisades has acted in good faith and without malice or intent to injure the Plaintiff.

38. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. § 1681n.

39. To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Palisades adopts be reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

40. Palisades at all times acted in compliance with the Fair Debt Collection Practices Act

41. Any statement made by Palisades regarding Plaintiff was true or substantially true.

42. Any alleged damages to Plaintiff, which Palisades continues to deny, were caused in whole or in part by an intervening or superceding cause.

43. The Defendant avers that the imposition of an award of punitive damages against this Defendant based upon the principle of joint and several liability amounts to an excessive

fine imposed against this Defendant in violation of the rights secured to it by the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States of America, and Article I, Section 15, of the Alabama Constitution.

44.     The Defendant avers that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing.  This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights preserved to this Defendant under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and deprive it of its property without due process of law.

45.     The Defendant avers that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing.  This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this Defendant under the Eighth and Fourteenth Amendments to the Constitution of the United States of America in that the same would amount to an excessive fine.

46.     The Defendant avers that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing.  This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive

damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this Defendant under the Fourteenth Amendment to the Constitution of the United States of America in that it would amount to a denial of equal protection of the laws.

47. The Defendant avers that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this Defendant in Section 6, Article I, of the Constitution of the State of Alabama in that it would deprive it of its property without due process of law.

48. The Defendant avers that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this Defendant in Article I, Section 15, of the Constitution of the State of Alabama in that it would amount to the imposition of an excessive fine.

49. The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this

Defendant for acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that this Defendant did not commit in contradiction of the rights afforded him by the Fourteenth Amendment to the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

50. The Defendant avers that the imposition of punitive damages against it in this case based upon the joint and several liability deprives it of its property without due process of law in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

51. The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixtieth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

52. The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the plaintiff's which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

53. An award of punitive damages in this case would subject this Defendant to double jeopardy for the same conduct in violation of the Fifth Amendment to the United States Constitution and Article I, Section 9, of the Alabama Constitution.

54. The Defendant avers that any award of punitive damages to the Plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that

damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

55. Plaintiff assumed the risk for any alleged damages she suffered.

56. Any allegation of the Complaint not expressly admitted is denied.

57. Palisades expressly reserves the right to amend this answer should any further defenses become available.

Respectfully submitted on this the __23rd__ day of July, 2007.

                                        __/s/ Charles N. Parnell, III__
                                        One of the Attorneys for Palisades (PAR016)

**OF COUNSEL**:
Charles N. Parnell, III (PAR016)
J. Matthew Parnell (PAR103)
**PARNELL & CRUM, P.A.**
P.O. Box 2189
Montgomery, Alabama 36102-2189
(334) 832-4200

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically mailed or placed in the U.S. mail, postage prepaid, an exact copy of the above to the following Answer this the __23rd__ day of July, 2007.

Hon. K. Anderson Nelms
Attorney for Plaintiff
847 S. McDonough Street, Suite 100
Montgomery, Alabama 36104

                                        __/s/ Charles N. Parnell, III__
                                        Of Counsel