**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DENISE SANKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: **2:07-CV-411-WHA** |
| v. | ) | |
| | ) | |
| | ) | **OPPOSED** |
| PALISADES COLLECTION AGENCY, | ) | |
| a foreign company, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Plaintiff pursuant to Rules 26 and 37 of the *Federal Rules of Civil Procedure*, and respectfully moves this Court to compel Defendant to respond to Plaintiff's outstanding discovery requests. Plaintiff, through her undersigned counsel, certifies that she has in good faith contacted Defendant by letter and telephone in an effort to resolve this issue, however, such attempts were unsuccessful. In support hereof, Plaintiff states the following:

1. Plaintiff served Defendant with her First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents on October 12, 2007.

2. In early-December, 2007, Plaintiff, through her undersigned counsel, contacted Defendant's counsel via telephone regarding the outstanding discovery requests. As a result thereof, Defendant responded to Plaintiff's First Request for Admissions (*See* Exhibit A), however, it has failed to respond to both the First Set of Interrogatories and First Request for Production of Documents.

3. On February 4, 2008, Plaintiff, through her undersigned counsel, sent a letter to Defendant's counsel requesting that Defendant respond to the outstanding discovery by

February 8, 2008.  (*See* Exhibit B).

4.      To date, Plaintiff has not received Defendant's responses to either her First Set of

Interrogatories (*See* Exhibit C) or First Request for Production of Documents (*See* Exhibit

D), or otherwise heard from Defendant's counsel.

        WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this

Honorable Court compel Defendant to respond fully and without objection to Plaintiff's

outstanding discovery requests within seven (7) days of this Court's Order.

        RESPECTFULLY SUBMITTED, this 27th day of August, 2008.

                                        /s/ Andy Nelms (NEL022)
                                        K. Anderson Nelms, Esq.
                                        2005 Cobbs Ford Road, Suite 301A
                                        Prattville, Alabama 36066
                                        Phone:      (334) 351-1770
                                        Fax:        (334) 351-1774
                                        Email: andynelms@andersonnelms.com
                                        Bar Id.:      ASB-6972-E63K
                                        *Counsel for Plaintiff*

OF COUNSEL:
Anderson Nelms & Associates, LLC
Sterling Bank Building, Third Floor
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

## CERTIFICATE OF SERVICE

_____I hereby certify that on this 27th day of August, 2008, I electronically filed the foregoing

document with the Clerk of the United States District Court for the Middle District of Alabama

using the Court's CM/ECF electronic filing system which will send notification of such filing to

the following:

Charles N. Parnell, III (PAR016)
J. Matthew Parnell (PAR103)
Parnell & Crum, P.A.

P.O. Box 2189
Montgomery, Alabama 36102-2189
Phone:          (334) 832-4200
*Attorneys for Defendant*

                                        /s/ Andy Nelms
                                        Of Counsel


**EXHIBIT**

_A_

## PARNELL & CRUM, P. A.

ATTORNEYS AT LAW
641 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104
E-mail: amurse@parnellcrum.com


CHARLES N. PARNELL, III
G. BARTON CRUM
ROBERT J. RUSSELL, JR.
BRITT BATSON GRIGGS
MATTHEW T. ELLIS
ADRIAN D. JOHNSON
J. MATTHEW PARNELL
DAYNA R. BURNETT

TELEPHONE
334-832-4200

TELECOPIER
334-293-3550

MAILING ADDRESS
P.O. BOX 2189
ZIP CODE 36102-2189



**C O V E R**

# FAX

**S H E E T**

**To:**       Hon. Andy Nelms

**Fax #:**   (334) ~~263-7733~~ 832-4390

**Subject:**  Palisades Collection v. Denise Sankey

**Date:**     December 12, 2007

**Pages:**    3, including this cover sheet

## COMMENTS:

From the desk of...

**Angela Murse**
Secretary for Britt B. Griggs
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, AL 36102-2189

(334) 832-4200, ext.330
Fax: (334) 293-3550

### CONFIDENTIALITY WARNING

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Likewise, this message may contain Federal and State governmental documents which are confidential, and the information contained therein may not be disclosed pursuant to applicable Federal and State law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify _immediately_ by telephone and return the original message to us to the above address via the U.S. Postal Service.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

DENISE SANKEY,     )
          )
    Plaintiff,    )
          )  CASE NO.: 2:07-CV-411-WHA
vs.          )
          )
PALISADES COLLECTION, AGENCY, )
          )
    Defendant.   )

## ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

COMES NOW Palisades Collection Agency, by and through its attorney of record, and files its answers to Plaintiff's First Request For Admissions. In support thereof, Palisades Collection Agency, would answer as follows:

1.   Plaintiff, Denise Sankey, is a "consumer" as defined at 15 U.S.C. § 1692a(3).

**RESPONSE:** Defendant admits the allegations in Plaintiff's paragraph number one.

2.   The obligation allegedly due Palisades Collection Agency is a "debt" as defined at 15 U.S.C. §1692a(5).

**RESPONSE:** Defendant admits the allegations in Plaintiff's paragraph number two.

3.   Defendant Palisades Collection Agency is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

**RESPONSE:** Defendant admits the allegations in Plaintiff's paragraph number three.

4.   Defendant contacted by phone or caused to be contacted by phone on April 30, 2007 the Plaintiff and again contacted by phone or caused to be contacted by phone on May 1, 2007.

**RESPONSE:** Defendants lacks sufficient information to either admit or deny the allegations in Plaintiff's paragraph four.

Respectfully submitted,
PARNELL & CRUM, P.A.

/s/ Charles N. Parnell, III
By:    CHARLES N. PARNELL, III
       Attorney for Defendant

OF COUNSEL:
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama  36102-2189
(334) 832-4200

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid in the U.S. mail an exact copy of the foregoing answer to the following parties, this the ___12th___ day of December, 2007.

Hon. Andy Nelms
Attorney for Plaintiff
Post Office Box 5059
Montgomery, Alabama  36130

/s/ Charles N. Parnell, III
OF COUNSEL



**Anderson Nelms & Associates**
**Attorneys**

February 4, 2008

Charles N. Parnell, III
Matthew Parnell
Parnell and Crum, P.A.
P.O. Box 2189
Montgomery, Alabama 36102-2189

Re:    Denise Sankey v. Palisades Collection Agency

Nick:

On October 12, 2007, our office mailed to you discovery requests including Requests for Admission, Requests for Production of Documents, and Interrogatories in the referenced matter. As of today, we have not received your client's responses to these requests. Please forward your client's responses to these requests to our office no later than Friday, February, 8, 2008.

Thank you for your continued cooperation.

Respectfully,

Anthony B. Bush
Legal Clerk - Andy Nelms



EXHIBIT

C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

Denise Sankey,                      )
      Plaintiff,                )
                   )          Civil Action No. 2:07-CV-411-WHA
     v.                             )
                   )
                   )
Palisades Collection Agency,        )
                   )
      Defendant.                  )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, DENISE SANKEY, in the above-styled cause and pursuant to the *Federal Rules of Civil Procedure* propounds to the Defendant the following interrogatories to be answered and responded to pursuant to Rule 33.

### INSTRUCTIONS AND DEFINITIONS

A. Answers to the Interrogatories must be furnished within forty-five (45) days of the service of the Summons and Complaint or within thirty (30) days of the service of these Interrogatories, whichever is later.

B. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

C. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why

the remainder cannot be answered.

D. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E. The terms ''document'' or ''documents'' in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

F. A request to identify a document is a request to state as applicable:

1. The date of the document;

2. The type of document;

3. The names and present addresses of the person or persons

who prepared the document and of the signers and addressers of the document;

4. The name of the employer or principal whom the signers, addressers and preparers were representing;

5. The present location of the document;

6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7. A summary of the contents of the document; and

8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## **INTERROGATORIES**

1. State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

**ANSWER**


2. State the correct legal name of your organization.

**ANSWER**


3. State any other names which your organization uses to identify itself, whether such names are registered with any official, and the date and place of such registration.

**ANSWER**

4. State the form of your organization, the date and place the organization was organized and registered and/or licensed to do business.

**ANSWER**

5. State the name, title, address and job description of each director, partner, shareholder, employee, officer, and manager of Defendant who authorized, approved, or was aware of the harassing and threatening phone call made to plaintiff at her workplace on or about April 30, 2007, in attempt to collect a debt.

**ANSWER**

6. State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees:

a. who contacted Plaintiff or another person regarding this debt; and

b. who have left your employ within the last two years.

**ANSWER**

7. State the names, aliases, job title, business and home addresses telephone numbers, date of initial employment of all current employees who engage in the collection of consumer accounts for Defendant.

8. Does Defendant provide training to new employees involved in the collection of consumer accounts?

a. if so, describe the training content, timing and duration.

b. if so, describe all documents and audio or visual materials

used in such training.

c. if so, identify each person involved in providing such

training.

**ANSWER**

9. Identify and describe any documents used to describe, record or establish Defendant's

methods and techniques to be used in the collection of consumer accounts.

**ANSWER**

10. State the number of phone calls that officers/employees/agents made to alleged debtors

during the past year in an attempt to recover the alleged debt.

**ANSWER**

11. Is Defendant affiliated with any other organization (e.g., common ownership,

overlapping offices or managers or common facilities or employees)? If so, describe the affiliation

and identify the participants.

**ANSWER**

`12. Describe fully any system(s) Defendant maintains or operates to record contacts of its

employees with consumers or third parties in connection with the collection of consumer

accounts, and Defendant's policies for operating such a system.

**ANSWER**

13. Identify and describe each document known to Defendant which is related to the account of Plaintiff.

**ANSWER**

14. State the name(s) and address(es) of Defendant's liability insurer(s) for the last three years and the dates of coverage, type, policy number(s) of each liability insurance policy.

**ANSWER**

15. Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

**ANSWER**

16. Identify any notices that you have given any insurer regarding Plaintiff's claim.

**ANSWER**

17. Identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact with a person other than Plaintiff made in connection with the collection of Plaintiff's account.

**ANSWER**

18. Identify each document, recording and person furnishing information with regard to your response to the immediately preceding Interrogatory.

**ANSWER**


19. Identify all present and past contracts or agreements between Defendant and the creditor and give the date of the initial contract or agreement with the creditor.

**ANSWER**


20. Identify the terms of the agreement between Defendant and the creditor pursuant to which Defendant sought to collect this account from the Plaintiff.

**ANSWER**


21. Describe any other business other than the collection of consumer accounts in which Defendant now engages or in the past has engaged.

**ANSWER**


22. List and explain all abbreviations and codes, letters, numerals, or symbols regularly used by Defendant in its records or collection activities.

**ANSWER**


23. How did Defendant locate Plaintiff?

**ANSWER**

24. Does Defendant file or retain attorney(s) to file law suits to collect consumer accounts?

**ANSWER**


25. If the answer to the immediately preceding Interrogatory is affirmative:

a. Identify Defendant's employee(s) who make(s) or approve(s) the decision to file suit or to request an attorney to file suit.

b. At what point in Defendant's collection process is the decision to sue made?

c. State what criteria and policies are used in deciding whether to sue (e.g., minimum dollar amount, distance of consumer from Defendant's office, contingency of claim, debtor's assets, defenses to claim) and how those criteria and policies have changed in the last two years, if any changes have been made

d. Identify the attorney(s) retained by Defendant in Alabama to file collection suit.

e. Identify the courts in Alabama in which Defendant has initiated law suits in the last year.

f. Identify each document and other method of communication in which creditor authorizes Defendant to initiate law suits against consumers.

26. With regard to the debt allegedly owed by the Plaintiff, itemize the amount of each portion of the debt and the authority therefore.

**ANSWER**

27. State the date upon which the Defendant began using each type of notice/phone call sent to the Plaintiff and if the Defendant has ceased using such notices/phone calls when that practice ended.

**ANSWER**

28. Describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act.

**ANSWER**

29. Identify all internal and external documents regarding Defendants compliance or noncompliance with the Fair Debt Collection Practices Act.

**ANSWER**

30. Identify by caption, court, civil action number and result all litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

**ANSWER**

31. Identify by name, position, address and phone number all witnesses Defendant proposes to call to trial.

**ANSWER**

32. List all exhibits Defendant proposes to introduce at trial.

**ANSWER**

33. Identify each person whom the Defendant expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion

**ANSWER.**


34. Identify the individual who telephoned Plaintiff on or April 30, 2007.

a. Where was the individual employed during April 2007, what was their position of employment, and responsibilities?

b. What is the relationship of that individual to the Plaintiff?

c. How did that individual learn the location and phone number of Plaintiff.

d. Why did that individual telephone Plaintiff?

e. Why did that individual telephone Plaintiff at work instead of home?

f. Restate the contents of the telephone conversation between that individual and Plaintiff.

**ANSWER**


35. Please state in detail the facts upon which you base your denial of Paragraph(s) [6,11,12,13,14,15,1617,18,19,2021,22,23,24,25,26,27] of the Plaintiff's Complaint.

**ANSWER**

36. Did you receive notice of Plaintiff's bankruptcy from Creditor or from any other source prior to the April 30, 2007 phone conversation made the basis of this complaint? If so, please state when and from where you received such information.

**ANSWER**


37. Do you have any evidence of when the collection account which is the subject of this lawsuit was referred to you and, if so, explain and describe that evidence in detail.

**ANSWER**

38. Please state in detail the facts upon which you rely for each affirmative defense listed in your Answer.

**ANSWER**


39. If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

ANDY NELMS (ASB-6972-E63K)
Attorney for Plaintiff


**OF COUNSEL:**
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733
fax: (334) 832-4390

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on counsel listed below by placing same in the United States mail postage prepaid and properly addressed on this the _24th_ day of October, 2007.

Charles N. Parnell
Attorney for Defendant
P.O. Box 2189
Montgomery, AL 36102-2189

OF COUNSEL



EXHIBIT
D

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Denise Sankey, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 2:07-CV-411-WHA |
|     v. | ) | |
| | ) | |
| | ) | |
| Palisades Collection Agency, | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW the Plaintiff, DENISE SANKEY, in the above-styled cause and pursuant to the *Federal Rules of Civil Procedure* propounds to the Defendant the following request for production to be answered and responded to pursuant to the *Federal Rules of Civil Procedure*.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within (30) days, the documents herein described and permit Plaintiff and his attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of counsel for the Plaintiff, Keith Anderson Nelms, 847 So. McDonough St. Ste 100, Montgomery, AL 36104, or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities. Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that his attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's attorneys will be responsible for these documents so long as

they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

This request is intended to cover all documents in possession of the Defendant, or subject to his custody and control, regardless of location. As used in this request, the term ''document'' means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements; communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulares, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

## REQUESTS FOR PRODUCTION

Please produce the following:

1. All documents relating to the alleged debt of Plaintiff and the collection thereof.

**ANSWER**

2. All documents relating to Defendant's activities to collect

debts such as Plaintiff's.

**ANSWER**

3. All form letters, enclosures, envelopes, memoranda, etc. used by the Defendant in its

debt collection activity.

**ANSWER**

4. All material, including video and audio tapes, pertaining to training by or for the

Defendant and its employees regarding the Fair Debt Collection Practices Act.

**ANSWER**

5. An organizational charts for the Defendant.

**ANSWER**

6. All documents between Defendant and Capital One regarding the Plaintiff and

collection of his alleged debt.

**ANSWER**

7. Copies of any litigation filed against the Defendant alleging violations of the Fair Debt

Collection Practices Act.4

**ANSWER**

8. A list of all employees engaged in the collection of debts such as the debt Plaintiff

allegedly owes, their positions and responsibilities.

**ANSWER**

      9. Any insurance policies covering the Defendant for violation of the Fair Debt Collection Practices Act.

**ANSWER**

      10. All financial reports and statements to investors of the Defendant for the past two years.

**ANSWER**

      11. All income tax returns of the Defendant for the past two years.

**ANSWER**

      12. All documents in the Defendant's possession sent to or received from Capital One.

**ANSWER**

      13. All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

**ANSWER**

      14. All documents, memoranda, instructions, manuals, etc., of the Defendant surveying the number of notices sent and contacts made by the Defendant in the year preceding the date of the notice sent to Plaintiff.

**ANSWER**

15. All reports, memoranda, etc., of the Defendant surveying the number of notices and

contacts sent by the Defendant since the date of the notice sent to Plaintiff.

**ANSWER**

16. All operation manuals or similar documents, etc., utilized

by the Defendant.

**ANSWER**

17. All documents relating to the maintenance of procedures by the Defendant adapted to

avoid any violation of the Fair Debt Collection Practices Act.

**ANSWER**.

18. All documents relating to the Defendant's procedures to provide verification of the

alleged debt.

**ANSWER**

19. All documents relating to the Defendant's association with a consumer reporting

agency, if any.

**ANSWER**

20. Samples of all postcards and/or envelopes used by the Defendant in its collection

practices.

**ANSWER**



21. Copies of all reports and documents utilized by an expert which Defendant proposes

to call at trial.

**ANSWER**



22. All exhibits which Defendant proposes to introduce at trial.  This Request shall be

deemed continuing so as to require further and supplemental production if Plaintiffs obtain

additional documents required to be produced herein between the time of the initial production

and the time of trial.

**ANSWER**


ANDY NELMS (ASB-6972-E63K)
Attorney for Plaintiff


**OF COUNSEL:**
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733
fax: (334) 832-4390

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on counsel listed below by placing same in the United States mail postage prepaid and properly addressed on this the _11th_ day of October, 2007.

Charles N. Parnell
Attorney for Defendant
P.O. Box 2189
Montgomery, AL 36102-2189

OF COUNSEL